Case 3:25-mc-00072-K-BN    Document 51    Filed 09/17/25    Page 1 of 4    PageID 1160

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/17/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Subpoenas to Leeds Equity Partners and Jacques Galante |
|---|

1:25-mc-0079-MKV

**ORDER GRANTING MOTION TO TRANSFER**

MARY KAY VYSKOCIL, United States District Judge:

This miscellaneous action arises from subpoenas issued by UWorld, LLC directed at Leeds Equity Partners ("Leeds") and Jacques Galante in this district with respect to discovery in a civil action pending in the United States District Court for the Northern District of Texas in which t UWorld, LLC ("UWorld") is a plaintiff and counterclaim defendant. Pending before the Court is Leed's and Gallant's motion to quash the Rule 45 subpoena, UWorld's cross-motion to compel compliance with the subpoena, and UWorld's motion to transfer the motions. [ECF Nos. 1, 12, 43]. The parties filed memoranda in support of their pending motions. [ECF Nos. 2 ("Leeds Mem."), 13, 44]. For the foregoing reasons, the motion is hereby transferred to the United States District Court for the Northern District of Texas pursuant to Federal Rule of Civil Procedure 45(f).

## BACKGROUND

There are three subpoenas that are the subject of the instant motion. Each was issued from the Northern District of Texas and together they demand documents and a deposition from Leeds and a deposition from Galante. [ECF No. 3–4, 3–6, 3–8]. Each was issued by UWorld in connection with the Northern District of Texas Action. *See id.*; *UWorld, LLC v. USMLE Galaxy, LLC et al.*, Case No. 3:23-cv-00447 (N.D. Tex. 2023). That action involves intellectual property and business disparagement claims. Leeds Mem. at 12. This Court was recently notified that the underlying case has been scheduled for the court's three-week trial docket, starting on October 6,

1

2025. [ECF No. 50]; *UWorld, LLC v. USMLE Galaxy, LLC et al.*, Case No. 3:23-cv-00447 (N.D. Tex.) [ECF No. 161].

## DISCUSSION

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Therefore, it is within the discretion of this Court, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion." *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-MC-00130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019). Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances."

The Comments to Rule 45 provide guidance on what constitutes "exceptional circumstances." The Comments provide that, "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* In these cases, transfer is appropriate "if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

First, if the Court in its discretion chose not to transfer the pending motions, it is likely to interfere with the issuing court's management of the underlying case because it may interfere with the case's upcoming trial date. Several courts have found impending trial or discovery deadlines sufficient reason to transfer motions on a subpoena. *See, e.g.*, *In re Subpoena to Payward, Inc.*,

2

No. 23-MC-80248-KAW, 2023 WL 6541854, at *1 (N.D. Cal. Oct. 5, 2023) (noting upcoming discovery deadline and trial suggest that "the outcome of the motion to compel may have a significant impact on current discovery deadlines and the parties trial preparation, such that this matter is best decided [by the judge in the underlying matter]."); *In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (finding motion to compel compliance with subpoena was "best decided by the court with control over the discovery cut-off deadline"); *see also SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 MISC. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (noting that the underlying case is 7 years old and the parties "are now preparing for trial").

Second, where, as here the judge in the underlying case "is familiar with the issues presented by the pending motion" based on prior experience with the case, including "similar discovery requests" transfer may be appropriate. *See, e.g.*, *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022); *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 MISC. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (finding "in addition to causing unnecessary delay," where the underlying court issued prior rulings on motions to compel "substantially similar information . . . there is a real risk that, should this Court exercise its discretion to not transfer the case, the Court's ultimate ruling may conflict with any ruling that the Eastern District of Texas may have made on this particular issue."). Leeds and Galante explain in support of their motion to quash that UWorld filed in the underlying case, a motion to compel Archer Review, a party to the case, "to produce similar documentation" to that which is requested from Leeds. Leeds Mem. at 5 (citing *UWorld, LLC*, Case No. 3:23-cv-00447 [ECF No. 202]). They also suggest that UWorld issued the deposition subpoenas for a "similar purpose." *Id.* The court in the underlying case has since ruled on the motion to compel similar

information from a party. *UWorld, LLC*, Case No. 3:23-cv-00447 [ECF No. 290]). If the Court chooses not to transfer the pending motions to compel and quash, it runs the risk of issuing a ruling, weeks before trial, that is at odds with the underlying court's decision on similar issues.

## CONCLUSION

Accordingly, the Court finds that the exceptional circumstances exist here justifying the transfer of the pending motions to the Northern District of Texas to be resolved by the judge presiding over *UWorld, LLC*, Case No. 3:23-cv-00447 (N.D. Tex.).

The Clerk of Court is respectfully requested to transfer the case forthwith.

**SO ORDERED.**

**Dated: September 17, 2025**
**New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**